**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENRIQUE MANUEL MORAN ENRIQUEZ,<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>                    Respondents. | Case No. 2:26-cv-01177-JLT-FJS<br><br>ORDER DENYING PETITIONER'S MOTION TO ENFORCE<br><br>(Doc. 10) |

## I.      INTRODUCTION

Before this Court is a motion by Enrique Manuel Moran Enriquez to enforce this Court's May 15, 2026, order requiring Respondents to provide Petitioner with a substantive bond hearing before an immigration judge. (Doc. 10.) For the reasons set forth below, the Court **DENIES** the motion.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that by reference here. (*See* Doc. 8.) On May 15, 2026, this Court granted the petition for writ of habeas corpus, holding that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. (Doc. 8 at 3.) The Court further ordered Respondents to provide Petitioner with a constitutionally compliant bond

hearing at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and or flight risk if not detained. (*Id*.) Furthermore, this Court ordered that Petitioner shall receive at least 72-hours' notice of the hearing. (*Id*.) On May 15, 2026, Petitioner was provided notice of the custody redetermination hearing to take place on May 27, 2026. (Doc. 12-1.)

On May 27, 2026, a bond hearing was held before Immigration Judge Brent Jonathan of the Adelanto Immigration Court pursuant to this Court's May 15, 2026 habeas corpus order. (Doc. 10 at 1; *see also* Digital Audio Recording ("DAR ").) Petitioner appeared at the hearing without an attorney. (*See* DAR.) At the outset of the hearing, the IJ noted for the record that there were two hearings taking place that day: Petitioner's bond redetermination hearing and his removal hearing. (DAR at 2:30.) Petitioner appeared to acknowledge that two bond hearings would be taking place and did not voice any concerns to the court. When asked if he wanted to be represented by an attorney, Petitioner responded that he would like to have an attorney but has been unable to secure counsel. (DAR at 4:18 – 4:36.)

The IJ then presented Petitioner with two options: he could either represent himself and proceed with the hearing that day or withdraw the request for bond and file a renewed request after hiring an attorney. (DAR at 4:40 – 6:03.) However, the IJ noted that the current hearing could not be continued to a later date because a district court ordered the hearing to take place within a certain time frame. (*Id*.) The IJ asked Petitioner if he understood his options, and Petitioner elected to proceed with the current hearing and represent himself. (DAR at 6:23 – 6:51.) Once it became evident that Petitioner did not have any evidence to present at the hearing, the IJ asked Petitioner for the second time if he wished to be represented by an attorney. (DAR at 11:40 – 12:53.) After the IJ confirmed and clarified the options previously discussed, Petitioner elected to withdraw his hearing request so he could hire an attorney. (DAR at 11:40 – 16:19.) The IJ ultimately allowed Petitioner to withdraw his request for a custody redetermination hearing without prejudice. *See* DAR; Doc. 12-2.)

On June 2, 2026, Petitioner filed a motion to enforce, arguing that his continued detention without an adequate bond hearing violates this Court's prior habeas corpus order and, necessarily,

his Fifth Amendment due process rights. (*See generally,* Doc. 10.) Specifically, Petitioner contends that Respondents failed to provide Petitioner with 72-hours' notice of the bond hearing, resulting in Petitioner not being given a meaningful opportunity to prepare evidence or obtain legal assistance. (*Id*. at 2.)  Petitioner seeks an order granting his immediate release. (*Id*. at 5.)

## III.    LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). Habeas courts may also review questions of pure law *de novo*. *See Singh v. Holder*, 638 F.3d 1196, 1202-03 (9th Cir. 2011).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at \*4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at \*8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## IV.    ANALYSIS[1]

[1] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at \*5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER*

Having carefully considered and reviewed Petitioner's submissions and the digital audio recordings of the May 27, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that Respondents failed to comply with its prior habeas order. Petitioner's argument that he did not receive proper notice of the May 27, 2026, bond hearing necessarily fails, given that he received written notice of the hearing on May 15, 2026, the same day of this Court's order. (Doc. 12-1.) As to the issue of the bond hearing being continued beyond the ordered 14-day period, that is not the consequence of noncompliance on the part of Respondents but was due to Petitioner's desire to delay the bond hearing to obtain counsel. (*See* DAR; Doc. 12-2.)

## V.    CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to enforce the Court's earlier order (Doc. 10.) is **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated:    July 6, 2026

_____
UNITED STATES DISTRICT JUDGE

---

*SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.